**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:                                                                                    Chapter 13

**ROBERT RYAN CASTLE**                                              Case No.: 18-50586
**STEPHANIE DENIESE CASTLE**

**DEBTORS**

\* \* \* \* \* \* \*

**CREDITOR GREATER KENTUCKY CREDIT UNION'S
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Comes Greater Kentucky Credit Union, Inc. ("GTKY"), by counsel, a creditor in the above-captioned proceeding, and hereby objects to the confirmation of the Chapter 13 Plan proposed by Debtors Robert Ryan Castle and Stephanie Deniese Castle (the "Debtors"). Confirmation of the Debtors' proposed Chapter 13 Plan should be denied for the reasons set forth below.

1. The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition") in this Court on March 30, 2018 (Doc. No. 1).

2. The Debtors own a 2015 Nissan Frontier, VIN #1N6AD0ER5FN739440 (the "Vehicle"), and in their Schedule A/B (Doc. 1) they estimate that the value of the Vehicle is $18,500.00.

3. The Debtors filed a previous Chapter 13 case on September 11, 2017 (the "2017 Bankruptcy"), which was dismissed on March 8, 2018. In the schedules to their 2017 Bankruptcy Petition (2017 Bankruptcy, Doc. 16), they estimated that the value of the Vehicle was $21,725.00.

4. GTKY is a creditor in this case and holds a secured claim, as indicated by its proof of claim filed herein (Claim No. 3). GTKY's claim is in the total amount of

$24,460.10, but GTKY estimates that the Vehicle, which is the collateral securing its claim, has a value of only $18,850.00.

5. The Debtors filed a proposed Chapter 13 Plan (the "Chapter 13 Plan") on March 30, 2018 (Doc. No. 2).

6. The Debtor's Chapter 13 Plan, section 3.2, provides that GTKY is a secured creditor which holds a security interest in the Vehicle. The Debtor intends to "cram down" the indebtedness secured by the Vehicle to $16,500, notwithstanding the Schedule A/B estimated Vehicle value of $18,500, and the September of 2017 estimated Vehicle value of $21,725.00.

7. The Plan cannot be confirmed because it does not comply with the provisions of 11 U.S.C. §1325(a)(5), in that the proposed distribution to GTKY is less than the allowed amount of GTKY's claim. 11 U.S.C. §506(a) provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest. . . is less than the amount of such allowed claim." In this case, pursuant to 11 U.S.C. §506(a), GTKY should have an allowed secured claim in the amount of $18,850.00 (or $21,725.00 if the Debtors' 2017 figures are correct), and an unsecured claim in the amount of $5,610.10.

8. Section 1325(a)(5)(B)(ii) requires the Debtor to distribute property under the Plan on account of the secured claim, including deferred cash payments equal to the present value of that claim. *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). The appropriate method for calculating the "present value" in the cram-down

context is replacement value when the Debtor intends to retain and continue use of the collateral as a consumer.  *See* Associates Commercial Corp. v. Rash, 520 U.S. 953, 117 S.Ct.1879, 138 L.Ed.2d. 148 (1997).  If the Debtor were to replace the Boat and the Vehicle, he would have to pay retail- not wholesale- prices.  The retail value for the Boat and the Vehicle should be calculated using the "NADA" retail value. *In re Knowles*, 253 B.R. 412 (E.D.Ky. 2000).

9. The Plan proposes a secured claim amount for the Vehicle is $16,500.00.  However, the NADA retail value for a Vehicle of this make and model is $18,850.00, and the Debtors' own schedules estimate a value of $18,500 (in fact, the Debtors' prior schedules in the 2017 Bankruptcy estimated a value of $21,725.00).  *See* GTKY Claim No. 3, attached hereto as **Exhibit A**.

10. GTKY objects to the confirmation of the Debtor's Chapter 13 Plan because the proposed secured claim is not consistent with either the creditors or the Debtor's estimated value of the Vehicle.  The Plan cannot be confirmed because it does not comply with 11 U.S.C.A. §1325(a)(5).

WHEREFORE, GTKY respectfully requests that this Court deny confirmation of Debtor's proposed Chapter 13 Plan.

## NOTICE

**Please take notice that a hearing on the foregoing shall be held on Thursday, June 20, 2018, at 11:30 a.m., in the 341 Hearing Room (Room 529), 100 E. Vine Street, 5th Floor, Lexington, KY 40507.**

Dated this the 7th day of May, 2018.

Respectfully submitted,

*/s/ Stephen Barnes*
Stephen Barnes
KY Bar ID No. 89762
Walther, Gay & Mack, PLC
163 E. Main Street, Suite 200
PO Box 1598
Lexington, KY 40588-1598
(859) 225-4714
sbarnes@wgmfirm.com
COUNSEL FOR GTKY

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served on the individuals and entities listed below by electronic mail by the court, or by mailing a copy to them via first class mail, postage pre-paid on the 7th day of May, 2018.

Hon. Brian T. Canupp
322 Main Street
Paris, KY 40361
COUNSEL FOR DEBTORS

Robert Ryan Castle
Stephanie Deniese Castle
1101 Richmond Green Drive
Apt. 9
Richmond, KY 40475
DEBTORS

Hon. Beverly M. Burden
PO Box 2204
Lexington, KY 40588
TRUSTEE

U.S. Trustee
100 E Vine St #500
Lexington, KY 40507

Valerie Smith
c/o PRA Receivables
Management, LLC
P. O. Box 41021
Norfolk, VA 23541

*/s/ Stephen Barnes*
COUNSEL FOR GTKY